John D. Saba Jr. (will seek admission *pro hac vice*)
jsaba@dpelaw.com
DINOVO PRICE ELLWANGER & HARDY LLP
7000 North MoPac Expressway, Suite 350
Austin, TX  78731
Tel: 512-539-2626

Christopher D. Banys (State Bar No. 230038)
Richard C Lin (State Bar No. 209233)
cdb@banyspc.com
rcl@banyspc.com
BANYS, P.C.
1032 Elwell Court, Suite 100
Palo Alto, CA 94303
Telephone:  (650) 308-8505
Facsimile: (650) 353-2202

Attorneys for Plaintiff
Cell and Network Selection, LLC

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

'14CV1611 BAS BGS

| | |
|---|---|
| IN RE SUBPOENA ON QUALCOMM INCORPORATE | Miscellaneous Action No.:_____ <br><br> **PLAINTIFF'S MOTION TO COMPEL SOURCE CODE** |
| CELL AND NETWORK SELECTION, L.L.C. <br><br> Plaintiff, <br><br> vs. <br><br> AT&T, INC., *et al*. <br><br> Defendants. | Underlying Cases: <br><br> Civil Action No. 6:13-cv-403 <br><br> CONSOLIDATED LEAD CASE <br><br> (Pending in the U.S. District Court for the Eastern District of Texas) |

# NOTICE OF MOTION AND MOTION

Plaintiff, Cell and Network Selection, LLC ("CNS") hereby moves, pursuant to Federal Rules of Civil Procedure 34(c), 37(a)(1) and 45, for an Order, compelling third party Qualcomm, Inc. ("Qualcomm"), subpoenaed by CNS in the above-styled cases *CNS v. AT&T, et al*, Civil Action No. 6:13-cv-403 and *CNS v. MetroPCS Communications, Inc., et al*, Civil Action No. 6:13-cv-404, both consolidated and pending before the United States District Court for the Eastern District of Texas, Tyler Division  (collectively, "*CNS v. AT&T*").  CNS requests this Court compel Qualcomm to immediately make available for inspection to CNS all source code related to Defendants' accused devices and as found in Qualcomm's mobile microchips.  This Motion is accompanied with a Memorandum of Points and Authorities, the declaration of John D. Saba Jr. with referenced exhibits and the proposed order submitted herewith.

This Motion is made following the conference of Qualcomm's counsel which occurred several times, up to and including July 2nd.  Qualcomm has neither raised issue with the form, nor substance of this Motion.  In the process of conferring with Qualcomm's counsel regarding the nature of this Motion, Qualcomm's counsel represented that "Qualcomm does not object to producing the relevant source code." *See* Exhibit I to the Declaration of John David Saba.  Notwithstanding, Qualcomm's position has been and continues to be that it has not yet been able to identify all the code.  *See id*.  Considering the nature of Qualcomm's delay, CNS believes that it has no choice but to seek this Court's relief.

This Motion is extremely time-sensitive in view of the upcoming fact discovery deadline in the *CNS v. AT&T* matter set to close to July 9, 2014.[1] Despite the necessity of filing this Motion on the heels of CNS's latest meet-and-

---

[1] The parties in the CNS v. AT&T matter have agreed to extend the discovery deadline to July 25th, 2014, pending Court approval.

-1-
PLT'S MOTION TO COMPEL QUALCOMM

confer (July 2nd), CNS intends to continue urging Qualcomm to provide the discovery sought through CNS's subpoenas and, hopefully, rendering the Motion moot – or other remedies as this Court deems appropriate under the circumstances.

**MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF PLAINTIFF CNS'S MOTION TO COMPEL**

**STATEMENT OF FACTS**

This is a patent infringement lawsuit brought by Cell and Network Selection, LLC ("CNS"), currently pending in the United States District Court for the Eastern District of Texas, Tyler Division ("Eastern District of Texas"). CNS has filed infringement claims against multiple defendants in two consolidated matters styled *CNS v. AT&T, et al*, Civil Action No. 6:13-cv-403 and *CNS v. MetroPCS Communications, Inc., et al*, Civil Action No. 6:13-cv-404 (collectively herein, "*CNS v. AT&T*"). The patented technology at issue involves cellular communications technology which allows LTE smart phones, among other things, to perform an "idle handoff." CNS has brought claims against multiple parties, including LTE cellular phone manufacturers and cellular network providers. While Qualcomm is not a named defendant in *CNS v. AT&T*, Qualcomm manufactures the microchips contained in many of the LTE cellular devices made or sold by Defendants. This Motion concerns Qualcomm's failed response to subpoenas issued for documents and information, including, but not limited to source code related to the patented technology.

The relevant procedural history concerning this Motion is summarized as follows:

- On March 6, 2014, subpoenas were issued from the Eastern District of Texas by CNS to Qualcomm requesting documents, information, depositions and the inspection of source code related to the implementation of the patented technology. *See* Exhibits A-1 & A-2 to Declaration of John D. Saba, Jr. ("Saba Declaration"). The subpoena response date was originally noticed

-2-
PLT'S MOTION TO COMPEL QUALCOMM

1  for March 28, 2014. *See id.* (Returns of service for the subpoenas are
2  attached to the last page of Exhibits A1 & A2). Qualcomm served responses
3  and objections to the subpoenas prior to the response date. *See* Exhibits B-1
4  & B-2 to Saba Decl.

- On or about March 21, 2014, Counsel for Qualcomm and counsel for CNS made contact regarding the nature of the subpoena. *See* Exhibit C to Saba Decl. Counsel for CNS informed Qualcomm that CNS was willing to work with Qualcomm to obtain the subpoenaed discovery in a reasonable manner. *See id.*

- Subsequently, Qualcomm's counsel informed CNS's counsel that Qualcomm required an additional supplemental protective order before the information, including source code, could be produced. *See* Exhibit D of Saba Decl. This seemed extraordinary considering that the parties in the *CNS v. AT&T* matter had previously negotiated a protective order which was entered by the Eastern District of Texas. *See* Exhibit E of Saba Decl. That protective order explicitly contemplates and provides provisions for the production and inspection of highly-confidential source code. *See id.* at ¶ 11. Notwithstanding, CNS in good faith agreed to work with Qualcomm to negotiate and enter an additional supplemental protective order for the sake of Qualcomm's discovery production.

- Over the course of the next several weeks, Qualcomm and CNS attempted to negotiate the terms of the supplemental protective order. In this regard, CNS believes that Qualcomm engaged in dilatory tactics by refusing to agree to terms that Qualcomm had contemporaneously agreed to in other similar pending matters. *See* Exhibit F of Saba Decl.

- On May 15, 2014, CNS finally succumbed to Qualcomm's insistence of certain terms with regard to the supplemental protective order. *See id.* In an effort to prevent further delay, CNS agreed to Qualcomm's terms. *See id.*

- However, CNS informed Qualcomm that it would agree to the terms with the caveat that CNS could seek court leave to amend any provisions, if necessary.  *See id.*
- The supplemental protective order was submitted to the Eastern District of Texas and entered on June 2, 2014.  *See* Exhibit G of Saba Decl.
- On June 2, 2014, as a requirement of the supplemental protective order, CNS disclosure its code review experts to Qualcomm.  Under the terms of the supplemental protective order, Qualcomm required a five-business day waiting period in order for it to object to said experts.  Despite some scrutiny from Qualcomm, those experts were "cleared" on June 10th.[2]  *See* ¶ 10 of Saba Decl.
- On June 9, 2014, CNS provided the identification of certain software "build ids" to Qualcomm relating to the source code of which CNS sought discovery.  *See* Exhibit H of Saba Decl.  Notably as a condition of producing source code, Qualcomm insisted that *CNS* was required to obtain such information from *Qualcomm's customers* (*i.e.* the Defendants in the *CNS v. AT&T* matter). *See* ¶ 11 of Saba Decl.  It seems illogical for *CNS* to have to obtain information concerning *Qualcomm's customers*, in order for Qualcomm to be able to identify the source code to produce respective to such Defendants.   Nonetheless, CNS provided said information and requested that Qualcomm produce source code immediately to avoid further delay.  *See* Exh. H of Saba Decl.  Qualcomm's counsel then suggested – despite being provided all the information Qualcomm requested – that *further* conferral was necessary before producing the source code.  *See id.*  CNS believes that this was just another attempt by Qualcomm to delay production.

---

[2] Subsequently, CNS disclosed an additional expert.

-4-

- Since June 9, 2014 (despite conferring with Qualcomm), counsel for CNS repeatedly requested that Qualcomm produce the source code so that CNS would have adequate time to conduct its review before the close of fact discovery.  *See* ¶ 13 of Saba Decl; Exhibit I to Saba Decl.  Despite CNS's requests, Qualcomm provided no such date.  *See id.*  During these conversations, Qualcomm's counsel represented that while "Qualcomm does not object to producing the relevant source code," at the same time, Qualcomm's counsel was unable to provide a date certain as to when the code may be made available to begin inspection.  *See id.*
- On June 29, 2014 counsel for CNS sent a draft copy of this Motion to compel to counsel for Qualcomm.  *See* Exhibit J of Saba Decl.  CNS's counsel informed Qualcomm's counsel that because Qualcomm had not yet provided a date for production, CNS believed that it had no choice but to request relief from this Court.
- On June 30, 3014, only after sending a draft copy of this Motion to compel, counsel for Qualcomm agreed to produce at least *some* source code, but only beginning July 3, 2014.  *See* ¶¶ 16-17 of Saba Decl.  The problem is that the source code that Qualcomm was willing to produce, likely does *not* contain the functionality related to the patented technology at issue.  As CNS's counsel explained to Qualcomm's counsel, CNS needs to primarily review the "firmware" source code which it believes to be essential to the patented technology and contains the relevant information which CNS seeks.  *See id.*  Qualcomm acknowledged same, but as of the date of this Motion, Qualcomm has not provided a firm date as to when it intends to offer *all* of the relevant code, including the most important – firmware source code.  *See id.*  Similarly, Qualcomm has not provided a date as to when it intends to

1  produce the documents or a corporate representative as subpoenaed.[3]

2  Despite the fact that CNS has provided all the information Qualcomm claims it needed to comply with the discovery subpoena, Qualcomm has failed to provide anything of substance. CNS has conferred with Qualcomm several times and in the interest of time, CNS has no choice but to seek Court relief.

## APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 34(c) states that "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection move for an order to compel." Fed. R. Civ. P. 34(c). "A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "The serving party may, at any time, on notice to the commanded person, move the court for an order compelling production. Fed. R. Civ. P. 45(d)(2)(B)(i)" *Greenspan v. County of San Diego*, 2014 WL 171653, at *1 (S.D. Cal. Jan. 9, 2014).

## ARGUMENT

Qualcomm has failed to comply with the subpoena issued almost four (4) months ago and thus is in violation of the Federal Rules of Civil Procedure. While CNS has continued to work with Qualcomm in order to obtain the discovery sought in the most efficient and least burdensome manner, Qualcomm has failed to comply. While on one hand Qualcomm has represented that it intends to comply with the subpoena request, on the other Qualcomm has protracted compliance to the 11th hour. CNS has spent months corresponding and pursuing the elusive Qualcomm source code. Yet, despite satiating all of Qualcomm's unreasonable

---

[3] Counsel for CNS informed counsel for Qualcomm that because the production and inspection of Qualcomm's source code is most important, CNS will work with Qualcomm to schedule the deposition of its corporate representative only after it has been afforded the opportunity to review source code and relevant documentation. See ¶ 18 of Saba Decl.

-6-

demands, Qualcomm has still failed to produce any information to CNS in response to CNS's discovery requests.

Despite the subpoenas issued on Qualcomm, Qualcomm's counsel informed CNS's counsel that in order to comply with the subpoena, Qualcomm required a host constraints, that in retrospect, CNS believes were only implemented to draw out ultimate compliance.  First, Qualcomm insisted that a supplemental protective order was necessary before complying with the subpoena.  Notwithstanding the fact that a protective order is already in place in the *CNS v. AT&T* matter, CNS worked with Qualcomm and ultimately complied with Qualcomm's demands to come to an agreement on a supplemental protective order.

Second, Qualcomm further delayed compliance with the subpoena request by taking issue with the designated experts whom CNS disclosed to Qualcomm.  A provision of the supplemental protective order gave Qualcomm the right to object to the designation of experts that would perform review of the source code.  However, the experts that CNS disclosed *are the same experts that have been retained and cleared to review Qualcomm source code in other unrelated matter.*  Notwithstanding, Qualcomm delayed clearing the experts until the very last day of their objection period.

Finally, and most important, Qualcomm insisted that in order to provide the source code, Qualcomm needed software build ids which Qualcomm directed *CNS* to obtain from Qualcomm's own customers.  (*i.e.* the Defendants in the *CNS v. AT&T* matter).  (Software build ids are essentially assembly numbers for software and identify the application source code and firmware source code residing on certain Qualcomm processor chips installed in the cellular devices at issue in the *CNS v. AT&T* matter).  It seems unreasonable that CNS needs to provide Qualcomm with information about Qualcomm's own customers in order for Qualcomm to produce relevant source code.  Notwithstanding, CNS provided such information to Qualcomm, and to date Qualcomm has only been able to commit to

1 producing a *portion* of the source code and at that, the least important of all the
2 source code subpoenaed.  To date Qualcomm's counsel has not provided a firm
3 date that Qualcomm intends to produce the most important of the source code files,
4 the firmware source code.

5       CNS's only recourse at this point is to seek urgent relief from this Court.  In
6 the meantime, CNS will continue to try to communicate with Qualcomm to resolve
7 these unnecessary issues, but to date CNS cannot afford to wait any longer without
8 Court assistance.

## CONCLUSION AND RELIEF REQUESTED

10       Under the new Rule 45(f) of the Federal Rules of Civil Procedure, CNS
11 requests that this Court transfer this Motion to the Eastern District of Texas for
12 final resolve.

13       Alternatively, if this Court prefers to resolve this Motion, CNS respectfully
14 requests the Court enter the attached proposed order compelling Qualcomm to
15 produce *all* relevant source code and documents immediately, and to provide a
16 deposition date within seven (7) days to conduct the deposition of its corporate
17 representatives.  CNS requests this relief to prevent further undue delay.

20 Dated:  July 7, 2014                Respectfully submitted,

By:  *Christopher D. Banys*

John D. Saba Jr. (will seek admission *pro hac vice*)
jsaba@dpelaw.com
DINOVO PRICE ELLWANGER & HARDY LLP
7000 North MoPac Expressway, Suite 350
Austin, TX  78731
Tel: 512-539-2626

Christopher D. Banys (SBN 230038)
Richard C Lin (SBN 209233)
cdb@banyspc.com

-8-
PLT'S MOTION TO COMPEL QUALCOMM

rcl@banyspc.com  
BANYS, P.C.  
1032 Elwell Court, Suite 100  
Palo Alto, CA 94303  
Telephone:  (650) 308-8505  
Facsimile: (650) 353-2202  

Attorneys for Plaintiff  
Cell and Network Selection, LLC

# PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 1032 Elwell Court, Suite 100, Palo Alto, California 94303. On July 7, 2014, I served a copy of the within document:

**PLAINTIFF'S MOTION TO COMPEL QUALCOMM**

☒  by transmitting via electronic mail the document(s) listed above in the electronic email address set forth below on this date.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth below.

> David Kays, Esq.
> Freeda Lugo, Esq.
> Morgan Franich Fredkin & Marsh
> 99 Almaden Boulevard, Suite 1000
> San Jose, CA 95113
> 408-288-8288
> Fax: 408-288-8325
> dkays@mffinlaw.com
> flugo@mffinlaw.com

☒  by transmitting via electronic mail the document(s) listed above in the electronic email address set forth below on this date.

| | |
|---|---|
| Everett Upshaw<br>State Bar No. 24025690<br>everettupshaw@everettupshaw.com<br>LAW OFFICE OF EVERETT UPSHAW, PLLC<br>13901 Midway Road, Suite 102-208<br>Dallas, Texas 75244<br>Tel: (214) 680-6005<br>Fax: (214) 865-6086<br><br>**ATTORNEYS FOR DEFENDANTS ZTE CORPORATION, ZTE (USA) INC., AND ZTE SOLUTIONS, INC.** | Brett E. Cooper<br>New York Bar Number 4011011<br>bcooper@mckoolsmith.com<br>McKOOL SMITH, P.C.<br>One Bryant Park<br>47th Floor<br>New York, NY 10036<br>Tel: (212) 402-9400<br>Fax: (212) 402-9444<br><br>**ATTORNEYS FOR DEFENDANTS METROPCS COMMUNICATIONS, INC., METROPCS WIRELESS, INC., AND METROPCS TEXAS, LLC** |

| | |
|---|---|
| David R. Clonts<br>State Bar No. 04403700<br>dclonts@akingump.com<br>Michael F. Reeder<br>State Bar No. 24070481<br>mreeder@akingump.com<br>Ashley Brown<br>State Bar No. 24078464<br>ambrown@akingump.com<br>AKIN GUMP STRAUSS HAUER & FELD  LLP<br>1111 Louisiana St., 44th Floor<br>Houston, TX 77002-5200<br>Tel: (713) 220-5800<br>Fax: (713) 236-0822<br><br>**ATTORNEYS FOR DEFENDANTS AT&T INC. AND AT&T MOBILITY LLC** | |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 7, 2014, at Palo Alto, California.

                                          */s/ Jennifer L. Gilbert*
                                              Jennifer L. Gilbert