UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUBPOENA ON QUALCOMM INCORPORATED<br><br>CELL AND NETWORK SELECTION, L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 14cv1611-BAS (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO WITHDRAW ITS MOTION TO COMPEL [ECF Nos. 1 & 7];**<br><br>**(2) DENYING QUALCOMM'S REQUEST FOR ATTORNEY'S FEES [ECF No. 4];**<br><br>**AND**<br><br>**(3) ORDERING THE CASE DISMISSED.** |

On July 7, 2014, Plaintiff Cell and Network Selection, L.L.C. ("CNS") filed a motion for an order compelling third party Qualcomm, Inc. ("Qualcomm") to comply with a subpoena issued by CNS in <u>CNS v. AT&T, et al</u>, Civil Action No. 6:13-cv-403, and <u>CNS v. MetroPCS Communications, Inc., et al</u>, Civil Action No. 6:13-cv-404, which have been consolidated and are currently pending before the United States District Court for the Eastern District of Texas.  ECF No. 1 at 2.  Plaintiff asked the Court to compel Qualcomm "to immediately make available for inspection to CNS all source code related to Defendants' accused devices and as found in Qualcomm's mobile microchips."  <u>Id</u>.  On July 11, 2014,

1  the Court set a briefing schedule and ordered Plaintiff to serve the copy of the order on
2  Qualcomm. ECF No. 3.   In accordance with the Court's Order, on August 1, 2014,
3  Qualcomm timely filed a response to Plaintiff's motion to compel source code and requested
4  an award of attorney's fees pursuant to Federal Rule of Civil Procedure ("FRCP") 45.  ECF
5  No. 4.  On August 8, 2014, Plaintiff moved to withdraw its motion to compel source code
6  and opposed Qualcomm's request for attorney's fees. ECF No. 7.  Having considered all of
7  the briefing and supporting documents presented, and for the reasons set forth below, the
8  Court **GRANTS** Plaintiff's motion to withdraw its motion to compel, **DENIES** Qualcomm's
9  request for attorney's fees, and **ORDERS** the case closed.

## DISCUSSION

### A. Plaintiff's Motion to Compel

Qualcomm asserts that it has produced the relevant source code.  ECF No. 4 at 3. Qualcomm claims that it "provided source code prior to CNS' filing of the motion, and firmware source code within two days of the filing of the motion." Id.  Qualcomm thus argues that Plaintiff's motion should be denied. Id.  In its reply, Plaintiff alleges that after it filed its motion to compel, "Qualcomm produced code sufficient to render CNS's Motion to Compel moot." ECF No. 7 at 2.  Plaintiff therefore moves the Court to withdraw its motion to compel. Id.  The Court **GRANTS** Plaintiff's motion to withdraw its motion to compel as moot.

### B. Qualcomm's Request for Attorney's Fees

Qualcomm asks the Court to award sanctions for the undue burden imposed by Plaintiff's motion to compel. ECF No. 4 at 6.  In support, Qualcomm claims that Plaintiff "has exhibited a pattern of careless and/or bad fath conduct," and relies on FRCP 45(d)(1) in seeking the award of $12,000 in attorney's fees for opposing Plaintiff's motion to compel. Id. at 7, 9. Plaintiff opposes Qualcomm's request and argues that its motion to compel was not frivolous because Qualcomm complied with the subpoena only after CNS filed its motion to compel, thereby "costing CNS time and money, not only in having to seek relief with the Court, but also having its experts spend additional time in conducting their review due to

Qualcomm's delay." ECF No. 7 at 2.

FRCP 45 provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a persons subject to the subpoena." FRCP 45(d)(1). FRCP 45 further provides that "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction–which may include . . . reasonable attorney's fees–on a party or attorney who fails to comply." Id. Sanctions awarding attorney's fees under FRCP 45 are discretionary. See Legal Voice v. Stormans Inc., 738 F.3d 1178, 1185 (9th Cir. 2013) (Rule 45(d)(1) sanctions are discretionary and may be imposed when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law); see also Mount Hope Church v. Bash Back!, 705 F.3d 418, 425 (9th Cir. 2012) (stating that courts "have discretion over the type and degree of sanction imposed" and that "[p]ayment of opposing counsel's attorneys' fees is one form of permissible sanction.").

Here, Plaintiff filed its motion to compel because Qualcomm had refused to "provide a firm date as to when it intend[ed] to offer all of the relevant source code, including the most important–firmware source code," and the discovery deadline in the Texas case was imminent. ECF No. 1 at 2, 6. In response to Plaintiff's motion, Qualcomm produced at least some responsive data after Plaintiff filed its motion to compel. See ECF No. 7 at 2; see also ECF No. 4 at 3 (containing Qualcomm's acknowledgment that it provided "firmware source code within two days of the filing of [Plaintiff's] motion [to compel]."). After reviewing the pleadings in this case, the Court does not find bad faith with regard to the issuance and service of the subpoenas by Plaintiff. Accordingly, the Court **DENIES** Qualcomm's request for attorney's fees.

///
///
///
///
///

**SUMMARY AND CONCLUSION**

For the foregoing reasons, the Court:

(1) **GRANTS** Plaintiff's motion to withdraw its motion to compel;

(2) **DENIES** Qualcomm's request for attorney's fees; and

(3) **ORDERS** the case closed.

**IT IS SO ORDERED.**

DATED:  September 2, 2014

*Barbara L. Major*

BARBARA L. MAJOR
United States Magistrate Judge